UNITED STATES DISTRICT COURT MIDDLE
DISTRICT OF FLORIDA

CIVIL-DIVISION-TAMPA


ROBERT DALE FISHER,
Plaintiff,

VS.                                 CASE NO: *8:04-CV-1318-T-30TBM*


OFFICE OF THE STATE ATTORNEY
    THIRTEENTH JUDICIAL CIRCUIT FLORIDA;

HILLSBOROUGH COUNTY, FLORIDA;

CITY OF TAMPA, FLORIDA;

FORMER MAYOR DICK GRECO, Individual Capacity;

RICHARD AKE, CLERK OF THE THIRTEENTH JUDICIAL,
    CIRCUIT, FLORIDA, Official and
    Individual Capacity;

MICHAEL L. BRIDENBACK, ADMINISTRATOR, OFFICE OF COURT
    ADMINISTRATION OF THE THIRTEENTH JUDICIAL CIRCUIT,
    Official and Individual Capacity;

FORMER CHIEF JUDGE F. DENNIS ALVAREZ, THIRTEENTH JUDICIAL
    CIRCUIT, FLORIDA, Individual Capacity;

FORMER CIRCUIT JUDGE CYNTHIA HOLLOWAY, THIRTEENTH JUDICIAL
    CIRCUIT, Individual Capacity;

FORMER CIRCUIT JUDGE DONALD C. EVANS, THIRTEENTH JUDICIAL,
    CIRCUIT, Individual Capacity;

FLORIDA DEPARTMENT OF CORRECTIONS;

AND ALL OTHER PRESENTLY UNKNOWN DEFENDANTS,

    DEFENDANTS.



1

<u>COMPLAINT</u>

<u>AND DEMAND FOR JURY TRIAL ON COUNTS</u>

Plaintiff, ROBERT DALE FISHER, pro se, and through Co-Counsel, sues all Defendants named above, and all other presently unknown Defendants in their present capacities. All above-named Defendant's knowingly, intentionally, and illegally exceeded the scope of authority vested within them in violation of the oaths they were sworn to uphold and in violation of Plaintiff's Constitutional Rights by failing to correct and concealing wrongdoings within their authority to correct, hindering and delaying Plaintiff's right to due process of law. These acts and/or omissions occurred within the City of Tampa, Hillsborough County, and/or the State of Florida. Despite being repeatedly placed on notice of the illegal acts of Judges and other Court Officers and Officials, Defendants, CITY OF TAMPA and HILLSBOROUGH COUNTY, permitted these individuals to possess awesome power and authority and to abuse such authority against Plaintiff, ROBERT DALE FISHER.

<u>JURISDICTIONAL ALLEGATIONS</u>

1.   This Court has jurisdiction and venue over this cause pursuant to Title 28 USC Sections 1331, 1343 and 1391(b).

2.   Plaintiff, ROBERT DALE FISHER, is sui-juris and a resident of Florida.

2

3.   Defendant, HILLSBOROUGH COUNTY, "COUNTY", is a chartered county under the Florida Constitution, and a governing body in the State of Florida.

4.   Defendant, CITY OF TAMPA, "CITY", is a municipal corporation, and governing body in the State of Florida.

5.   Defendant, OFFICE OF THE STATE ATTORNEY FOR THE THIRTEENTH JUDICIAL CIRCUIT, "STATE", is the prosecuting entity vested with the authority to prosecute criminal charges in the Hillsborough County, Florida.

6.   Defendant, MICHAEL L. BRIDENBACK, "BRIDENBACK", is the Court Administrator for the Thirteenth Judicial Circuit, whose duties are performed within the City of Tampa, Hillsborough County, Florida.

7.   Defendant, RICHARD L. AKE, "AKE", is the Clerk of Court of the Thirteenth Judicial Circuit, whose duties are performed within the City of Tampa, Hillsborough County,

8.   Defendant, F. DENNIS ALVAREZ, "ALVAREZ", Former Judge was the Chief Judge of the Thirteenth Judicial Circuit, and bound by his sworn Constitutional oath, whose duties included overseeing all the Judges in the Thirteenth Judicial Circuit, and to ensure that justice was administered without delay or denial in Hillsborough County, Florida.

9.   Defendant, DONALD C. EVANS, "EVANS", Former Judge of the

3

Thirteenth Judicial Circuit, was sworn by his oath to fairly and promptly administer justice under the laws of the State of Florida, whose duties were performed within the Thirteenth Judicial Circuit of Florida.

10.  Defendant, CYNTHIA HOLLOWAY, "HOLLOWAY", Former Judge of the Thirteenth Judicial Circuit, was sworn by her oath to fairly and promptly administer justice under the laws of the State of Florida, whose duties were performed within the Thirteenth Judicial Circuit of Florida.

11.  Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, "CORRECTIONS", "DOC", is an agency of the State of Florida, charged with the duty of maintaining and securing lawfully convicted inmates.

12.  All Defendants have knowingly and intentionally committed wrongful and/or unlawful acts by failing to correct errors of law, abusing legal process and conspiring to conceal their wrongdoings, and discriminating against Plaintiff in violation of his Constitutionally protected civil rights.  All unlawful acts were performed in the City of Tampa, Hillsborough County and the State of Florida, beginning in 1983 and continuing through the present time.

<u>FACTUAL ALLEGATIONS</u>

13.  On July 25, 1984, then Circuit Judge HARRY LEE COE III,

4

purportedly imposed a 99 year sentence, with two concurrent 15 year sentences on Plaintiff, ROBERT DALE FISHER, retaining jurisdiction to control FISHER'S sentence for 1/3 of the term of said sentence.

14.   All Informations charging individuals with a crime must be filed with the Clerk so as to vest the judge with jurisdiction to hear the case.  All judgments and sentencing documents must be filed with the Clerk before an individual can lawfully be committed to the Florida Department of Corrections, and to vest the appellate court with jurisdiction to hear an appeal.

15.   The Information and Amended Information charging Plaintiff were never filed with the Clerk of Court, rather they were passed directly from the State Attorney's Office to Judge Coe. Both the STATE and Judge Coe knew this procedure was improper and illegal, and that it was done to ensure that Plaintiff's case was before Judge Coe, and to ensure that a lengthy sentence, controlled by the judge, was imposed.

16.   Under the Sentencing Guidelines in effect at the time of Plaintiff's conviction, the lawful sentence was 12 to 18 months; even allowing for 'creative' scoring, the maximum sentence range was 5 to 7 years.   Nonetheless, Judge Coe knowingly and intentionally imposed an illegal 99 year sentence, and retained jurisdiction over 1/3 of said sentence, to ensure, not only that Plaintiff would be required to serve not less that 33 years, but

also to ensure that Judge Coe would remain in sole control of Plaintiff's case and sentence for those 33 years.

17.   Additionally, Judge Coe knowingly and intentionally failed to file the Judgment and Sentencing Documents with the Clerk of Court, so as to ensure that the appellate court had no jurisdiction to hear a direct appeal of Plaintiff's case, and to ensure that Plaintiff was held in 'Limbo' by DOC, not lawfully committed, but not free to be released, thus without the rights and privileges accorded to inmates in Florida State prisons, all in violation of Plaintiff's Constitutionally protected rights to Due Process and Equal Protection of the law.

18.   On April 29, 1983, while being detained in a holding cell at the Tampa Police Station, Plaintiff was visited by an Italian male wearing a suit, but without identification, who told Plaintiff that he would see to it that Plaintiff's case would be heard by Judge Coe, and that Plaintiff would receive a life sentence.

19.   Defendant, Former Judge DONALD C. EVANS took over Judge Coe's Division after Coe retired.   Despite being informed by Plaintiff through a motion for post conviction relief of the various legal defects, improprieties and illegal actions in his case, EVANS took no action to correct Plaintiff's illegal conviction and sentence.   Rather, EVANS denied Plaintiff all relief, stating that the Court would not tolerate such "scandalous

6

allegations" and stating the Orders denying relief were not appealable. These knowing and intentional acts of Defendant EVANS denied and delayed Plaintiff the due process and equal protection of law.

20. It has been admitted by Defendant EVANS that he was approached by a Judge in Hillsborough County in 1982 and asked to do favors for other Judges who were corrupt and did favors for their friends; in light of EVANS' failure to correct the patent defects in Plaintiff's case, his intent to conspire with others to deprive Plaintiff of his Constitutional rights is clear.

21. Subsequently, Plaintiff's case was assigned to Defendant, Former Judge CYNTHIA HOLLOWAY, by then Chief Judge, Defendant F. DENNIS ALVAREZ. HOLLOWAY likewise obstructed, hindered, denied and delayed justice to Plaintiff. Upon receiving a motion for post conviction relief from Plaintiff, HOLLOWAY ordered the STATE to respond to Plaintiff's motion, but never required the State to comply with said order and attempted to conduct a hearing without Plaintiff's presence. Although HOLLOWAY ultimately appeared to grant Plaintiff some relief, she did so by knowingly allowing the STATE to illegally nolle pross a charge for which Plaintiff had already been convicted and served the sentence. Moreover, HOLLOWAY denied relief with respect to Plaintiff's patently illegal 99 year sentence, causing Plaintiff to spend yet another year in DOC, and

continuing the ongoing conspiracy and course of discriminatory conduct against Plaintiff, causing him to be deprived of his Constitutional rights.

22. A formal complaint filed by Plaintiff regarding HOLLOWAY was forwarded to then Chief Judge Defendant, F. DENNIS ALVAREZ and to Defendant MICHAEL L. BRIDENBACK. Said complaint was ignored and concealed, further continuing the ongoing conspiracy and course of discriminatory conduct against Plaintiff, causing him to be deprived of his Constitutional rights.

23. The STATE knew that the Information charging Plaintiff was never filed, but knowingly and intentionally pursued a baseless and bad-faith charge to conviction, and ignored its duty to correct said illegal conviction after being put on notice of the error, in violation of Plaintiff's Constitutionally protected rights to equal protection and due process of law.

24. Additionally, the STATE knew that the sentences imposed were illegal, but failed to correct these errors and miscarriages of justice, despite being repeatedly being made aware of these facts by Plaintiff, in violation of Plaintiff's Constitutionally protected rights to equal protection and due process of law.

25. In 1985, Plaintiff notified the then Clerk of Hillsborough County Courts, James Taylor Jr., and informed him that the charging and sentencing documents had never been never filed in

8

his office; however Taylor apparently took no action to correct this miscarriage of justice. Rather, Taylor, who had been Clerk for over 30 years and had a good record, was declared insane by his son and removed from office overnight. Taylor's removal from office foreclosed the possibility that he could testify to the Grand Juries convened in Tampa in 1986, about the improprieties regarding the charging and sentencing documents in Plaintiff's case, as individuals declared insane can not, by law, give Grand Jury testimony.

26. Defendant, RICHARD AKE, Clerk of Court, continued the conspiracy to conceal the improprieties and illegal actions in Plaintiff's case by failing to correct or notify anyone of the improprieties and illegal actions despite being notified by Plaintiff of them. Consequently, AKE violated not only his oath of office, but also Plaintiff's Constitutional rights.

27. All Defendants acted outside the scope of their lawful authority and violated not only the public trust vested in them by their oaths, but also Plaintiff's Constitutionally protected rights.

28. Defendant, Former Mayor DICK GRECO, was also informed by Plaintiff of the improprieties and illegal actions taken in Plaintiff's case, but he likewise ignored and failed to correct the abuse of authority by CITY and COUNTY Officials, furthering the

9

conspiracy to violate Plaintiff's rights and to discriminate against Plaintiff, under color of State Law.

29.   While incarcerated by the Florida Department of Corrections, Prison Officials furthered the ongoing conspiracy and course of discriminatory conduct designed to violate Plaintiff's Constitutionally protected rights.

30.   Initially, when Plaintiff arrived at RMC, the inmate reception center, DOC informed Plaintiff that DOC could not keep him there and that he was to be returned to Tampa.  However, after contacting officials in Tampa, DOC informed Plaintiff that he would remain in their custody.  While at RMC, Plaintiff did not undergo any of the testing and evaluation processes administered to all other new inmates.

31.   Throughout the 16  years Plaintiff remained in DOC custody, Prison Officials and Corrections Officers continually committed acts against Plaintiff designed to frustrate, hinder and prevent Plaintiff from seeking redress for his illegal conviction and sentence and to prevent Plaintiff from obtaining his release. Beginning at Baker Correctional Institution, and continuing at each of the 9 facilities Plaintiff was subsequently transferred to, he was threatened by Prison Officers to cease his legal work, his legal mail was intercepted and not mailed, he was subjected to numerous fraudulent Disciplinary Referrals, placed in solitary

10

confinement and lock-down, denied access to the law library, had his legal papers seized, and had false and erroneous information placed in his prison file and the computer records concerning him, which false information was disseminated to individuals and Officials outside the prison system.

32. On one occasion, when Plaintiff had been allowed access to the phone, word processor, and copying equipment by and in a Staff Officer's office, an illegal listening device was discovered in that office. On another occasion, after Plaintiff contacted the United States Justice Department regarding the Prison Officers' and Officials' conduct towards him, Plaintiff was shot at with an AR-15 as he walked in the prison compound area.

33. These acts by DOC furthered the ongoing conspiracy and course of discriminatory conduct against Plaintiff, causing him to be deprived of his Constitutional rights.

34. Despite ultimately being released from the Florida Prison System on February 16, 2000, Plaintiff was unlawfully imprisoned for many years of his life, subjected to deplorable living conditions, suffered great emotional distress, and deprived of his freedom and livelihood.

## GENERAL ALLEGATIONS

35. The Defendants' orchestrated conduct was obviously wrong and in the clear violation of established law and Plaintiff's

11

Constitutionally protected rights.

36.   No reasonable official, situated as Defendants were, could have believed their conduct to be lawful in light of established law and the information possessed by them at the time these acts occurred.

37.   The evidence, or lack thereof, would have led any reasonably prudent person in Defendants' positions to believe that Plaintiff was improperly and illegally imprisoned.

38.   The facts and circumstances clearly shows reckless and callous indifference to Plaintiff's Constitutionally protected rights, and ill will, malice and outrageous conduct by the part of the Defendants. As such, the Defendants are subject to the imposition of punitive damages both so as to deter similar future conduct, and to vindicate the Public interest against the invidious and heinous conduct of public officials/entities in violation of the Constitutional rights of Plaintiff and the citizens of this Florida.

39.   The wrongful acts and conduct described herein were undertaken under color of state law in violation of clearly established Constitutional or statutory rights of Plaintiff.

40.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been suffered great mental and emotional distress, pain and suffering, depression, humiliation,

embarrassment, defamation, discomfort, fear and terror, anxiety, lost wages, the loss of his freedom, hope, self-esteem, peace of mind, trust, earning capacity, and enjoyment of life, and has been deprived of society, family and freedom.

## SECTION 1983 CLAIMS

### COUNT I. - ABUSE OF PROCESS

41.   Plaintiff realleges paragraphs 1.-40. herein.

42.   The criminal prosecution, conviction and sentence levied against Plaintiff were intentionally, willfully, and deliberately undertaken for improper, illegal and ulterior purpose.

43.   Plaintiff has been proximately damaged by Defendants' conduct as is set forth above.

WHEREFORE, Plaintiff seeks compensatory and punitive damages against the DEFENDANTS in the sum of $100,000,000, costs of this suit, attorney's fees under 42 USC. 1988 and such other relief as the Court deems just and proper.

## SECTION 1983 CLAIM

### COUNT. II  FAILURE TO CORRECT

44.   The Plaintiff realleges paragraphs 1.-40. herein.

45. Defendants, COUNTY, CITY and STATE failed to correct the constitutionally offensive actions of its' Officers and Officials. Defendants failure to correct and deliberate and gross indifference was a custom, policy or practice of Defendant's COUNTY and CITY

13

such that the COUNTY and CITY tacitly authorized the unconstitutional actions which transpired here, or displayed deliberate indifference towards the misconduct and transgressions.

46.  Defendants COUNTY and CITY knew or should have known that the natural consequences of its custom, policy or practice of failing to take corrective action with regards to the misconduct of its Officers and Officials misconduct would result in the deprivation and violation of individuals Constitutionally protected rights.

47.  Plaintiff has been proximately damaged by Defendants' conduct as is set forth above.

WHEREFORE, Plaintiff seeks compensatory and punitive damages against the COUNTY, CITY, STATE and DEFENDANTS in the sum of $100,000,000, costs of this suit, attorney's fees under 42 USC.1988 and such other relief as the Court deems just and proper.

### CONSPIRACY UNDER SECTION 1983 & 1985(3)

COUNT III  CONSPIRACY

48.  The Plaintiff realleges paragraphs 1.-40. herein.

49.  All Defendants orchestrated and conspired and colluded in knowingly and maliciously pursuing a baseless criminal prosecution against Plaintiff in violation of Plaintiff's Fourth and Fourteenth Amendment rights, without any reasonable or genuine belief that Plaintiff was lawfully charged.

14

50. As a direct and proximate result of the conspiracy and collusion, Plaintiff was wrongfully prosecuted, unjustly convicted and illegally sentenced to 99 years.

51. The Defendants' conspiracy was for the purpose of depriving Plaintiff of his rights, privileges, and immunities under the law.

52. Plaintiff has been proximately damaged by Defendants' conduct as mentioned above.

WHEREFORE, Plaintiff seeks compensatory and punitive damages against the DEFENDANTS in the sum of $100,000,000, costs of this suit, attorney's fees under 42 USC.1988 and such other relief as the Court deems just and proper.

### SECTION 1983 CLAIMS

#### COUNT IV DISCRIMINATION

53. The Plaintiff realleges paragraphs 1.-40. herein.

54. The Defendants conspired to deliberately and intentionally discriminate against Plaintiff so as to deprive him of his Constitutionally protected rights by failing to follow the laws they were sworn to uphold.

55. The Defendants purported to act in their official capacities, but intentionally committed acts outside the scope of their authority, as evidenced by their actions in failing to correct the illegalities and improprieties when the illeaglities

15

were brought to their attention.

56.  Plaintiff has been proximately damaged by Defendants'
conduct as is set forth above.

WHEREFORE, Plaintiff seeks compensatory and punitive damages
against the DEFENDANTS in the sum of $100,000,000 costs of this
suit, attorney's fees under 42 USC. 1988 and such other relief as
the Court deems just and proper.

DATED THIS 8TH DAY OF June, 2004.


ROBERT DALE FISHER, pro se
P.O. Box 24736
Lakeland, FL 33802
(863) 409-4757

SARAH B. MAYER, Esq.
Co-Counsel
Fla. Bar No. 367893
9176 155th Street N.
Jupiter, FL 33478
(561) 741-3763
Fax (561) 747-1359